IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTOPHER W. ODEN,**

    Plaintiff,

v.                                                                                                 Civil Action No. **3:17CV489**

**ERIC WILSON, *et al.*,**

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a federal inmate proceeding *pro se* and *in forma pauperis*, brings this action. The matter is before the Court on Plaintiff's failure to serve Defendants Hadded and Pharmacy Personnel within the time required by Federal Rule of Civil Procedure 4(m).[1] Under Federal Rule of Civil Procedure 4(m), Plaintiff had 90 days to serve the defendants. Here, that period commenced on March 22, 2019. On April 1, 2019, the Marshal filed his returns with the Court noting that the summonses for Defendants Hadded and Pharmacy Personnel could not be executed.[2] (ECF No. 52.) The Marshal noted that over 25 people work in in the pharmacy and Plaintiff must provide a name. (*Id.* at 2.) With respect to Defendant Hadded, the Marshal noted that Defendant Hadded had retired 3 years ago and the prison did not have a current address for

---

[1] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[2] The Marshall had attempted to serve these defendants at the Federal Correctional Complex in Petersburg ("FCC Petersburg"), the address provided by Plaintiff.

him. (ECF No. 52, at 5.) By Memorandum Order entered on November 4, 2019, the Court directed Plaintiff, within eleven (11) days of the date of entry thereof, to show good cause for his failure to serve Defendants Hadded and Pharmacy Personnel within the time required by Rule 4(m).

Plaintiff responded by filing a Motion to Show Good Cause and for an Extension of Time. (ECF No. 79.) Plaintiff does not dispute the dismissal of Defendant Pharmacy Personnel. Plaintiff, however, contends that he has good cause to excuse his failure to timely serve Defendant Hadded, in that: (1) Defendant Hadded was located at FCC Petersburg at the time Plaintiff filed the Complaint, and (2) Plaintiff is incarcerated and it is difficult for him to find Defendant Hadded's current address. (*Id.* at 1–2.) First, the Court notes that Plaintiff is incorrect to suggest that Defendant Hadded was at FCC Petersburg at the time Plaintiff originally filed the complaint. The Marshal's return reflects that Hadded already had retired by the time Oden filed his original complaint in July of 2017. Moreover, as explained below, Plaintiff fails to demonstrate good cause for his failure to serve Defendant Hadded in a timely manner.

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 90–day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit found good cause to extend the 90–day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Neither Plaintiff's *pro se* status nor incarceration constitutes good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citing cases). Moreover, Plaintiff fails to indicate that he made any effort to ascertain a current address for Defendant Hadded in the six months since the Marshal stated that Defendant Hadded could not be served at

the address Plaintiff had provided. For example, Plaintiff made no efforts to engage in discovery to attempt to find Defendant Hadded's current address. Plaintiff's Motion to Show Good Cause and Motion for Extension of Time (ECF No. 79) will be DENIED. Additionally, Plaintiff's Motion for Service of Process at Government Expense (ECF No. 80) will be DENIED.[3] All claims against Defendants Pharmacy Personnel and Hadded will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 25 November 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[3] In his Motion for Service of Process at Government Expense, Plaintiff requests that the Court again attempt to serve Defendant Hadded at FCC Petersburg. Plaintiff's time to serve Defendant Hadded has expired and the record reflects that service on Defendant Hadded cannot be accomplished at FCC Petersburg.